UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS HAYDEN AND JACQUELINE HAYDEN | CIVIL ACTION |
| VERSUS | NO. 15-6368 |
| 3M COMPANY, *et al.* | SECTION "N"  (3) |

## ORDER AND REASONS

Presently before the Court are motions filed by Plaintiffs Thomas Hayden and Jaqueline Hayden (collectively "Plaintiffs") seeking remand and sanctions. See Rec. Doc. 22. This is not the first such motion filed by Plaintiffs in this Court. Rather, on August 10, 2015, the Court, in a related, but separate, action, granted Plaintiffs' first motion to remand. See Civil Action No. 15-2275, Rec. Doc. 111. Following that remand, Defendant Crane Company instituted the instant proceeding, on November 30, 2015, by removing the dispute to federal court a second time. See Rec. Doc. 1. Plaintiffs' instant motions followed.

The Court has carefully reviewed and re-examined the parties' numerous legal memoranda submitted in support of and in opposition to *both* of Plaintiffs' motions to remand. The same is true relative to the authorities cited therein. The Court again notes the express claim disclaimer language set forth in Plaintiffs' petition (Rec. Doc. 1-1, ¶13), and legal memoranda, particularly including Plaintiffs' confirmation that their disclaimer is "binding," and express declaration that "Plaintiffs, in no way shape or form, will attempt to bring claims against any defendant named in this case as a result of Mr. Hayden's tenure in the Navy." See Civil Action No.

15-2275, Rec. Doc. 41, p. 5.  Furthermore, consistent with their prior declarations, Plaintiffs' instant original memorandum describes the Court's November 10, 2015 Order and Reasons as "finding that Plaintiffs had *waived* any claims against any defendant for any claims relating to any product Mr. Hayden encountered in the U.S. Navy."  See Rec. Doc. 22-1, p. 1 (emphasis added).

Given the foregoing, the Court, on the instant showing made, finds no basis to depart from its prior remand ruling.  As urged in Plaintiffs' memoranda (Rec. Docs. 22-1 and 70), the derivative nature of any cross-claims and third-party claims subjects those claims to the same restrictions that Plaintiffs have imposed on theirs.  Moreover, the Court is confident that the limited parameters of the claims properly presented to a state court jury can be clarified and explained, as necessary, by means of stipulation, careful crafting of the jury verdict form and instructions, and argument by counsel.  Accordingly, for the reasons stated herein, **IT IS ORDERED** that motion to remand is **GRANTED**.

On the current record, **IT IS FURTHER ORDERED** that Plaintiffs' motion for sanctions, submitted pursuant to 28 U.S.C. §1447(c), is **DENIED**.   Hereinafter, however, there should be no uncertainty regarding the scope and meaning of the Court's remand ruling relative to the claims presently urged by Plaintiffs.

**IT IS FINALLY ORDERED** that this action be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 7th day of March 2016.

_____
**KURT D. ENGELHARDT**
**United States District Judge**