UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS HAYDEN AND<br>JACQUELINE HAYDEN | CIVIL ACTION |
| VERSUS | NO. 15-6368 |
| 3M COMPANY, *et al.* | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is Defendant Crane Company's "Motion for Reconsideration or, in the Alternative, Motion Stay Remand Pending Appeal" (Rec. Doc. 104), which is directed to the Court's prior order remanding this dispute to state court for the second time. *See* Rec. Doc. 103; *see also* See Civil Action No. 15- 2275, Rec. Doc. 111. Having carefully reviewed the parties' supporting and opposing submissions, the record in this matter, and pertinent legal authorities, **IT IS ORDERED** that the motion is **DENIED** relative to both reconsideration and a stay pending appeal.

As recently set forth in *Namer v. Scottsdale Ins. Co.*, Civil Action No., 2016 WL1321494, at *3 (E.D. La. Apr. 5, 2016) (Africk, J.):

> A motion to alter or amend a judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under" Rule 59(e). *Lavespere* [*v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990) *abrogated by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)]. "A moving party

1

>must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecomms.*, Inc., No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.).
>
>"A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000) (citation omitted); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in an appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law."). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb,* 419 F.3d 405, 412 n. 13 (5th Cir. 2005).

Crane's motion for reconsideration fails to satisfy these requirements. Rather, it simply repeats the same arguments previously presented to the Court.

Regarding the alternative relief sought by Crane – a stay pending appeal – the Court, given the posture of this matter, finds that request for relief to be more appropriately determined by the court of appeals. Accordingly, it likewise is denied.

New Orleans, Louisiana, this 22nd day of June 2016.

_____
**KURT D. ENGELHARDT**
**United States District Judge**